UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

T & S SUPER SHELL STATION, INC.

      Plaintiff,

   - against –

SEI FUEL SERVICES, INC., as successor-in-Interest to Apache Oil Company, Inc. and APACHE OIL COMPANY, INC.

      Defendant.
----------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

20-CV-5778 (GRB)(LGD)

**GARY R. BROWN, United States District Judge**:

 In this action, plaintiff seeks recovery of alleged transportation overcharges in connection with a commercial ten-year fuel supply contract requiring the purchase of more than twelve million gallons of gasoline. Defendant moves for partial summary judgment largely based upon a purported failure by plaintiff to comply with a written notice of claim requirement contained in the contract and, to a lesser degree, a contractual one-year statute of limitations. *See generally* Docket Entry ("DE") 80-1.

 As the critical facts are largely not in dispute, the matter does not require an extensive factual recitation. In short, the agreement between the parties established that plaintiff would purchase fuel at the "rack rate" (an industry term for the going wholsale rate) plus two cents per gallon and "taxes and transportation." DE 86-10 at 39. Defendant always used a third-party carrier to make deliveries and did not maintain its own transport trucks. *Id.* at 46.

 Unbeknown to plaintiff, rather than charge the actual transportation costs for the fuel, defendant was, over the course of years, consistently adding an additional cost of 5.15 cents per gallon. *Id.* at 57-58. That surcharge was not itemized on the invoices submitted by defendant and paid by plaintiff. *See* DE 82-2 at 3; DE 83 at 7. During the course of discovery, it was

1

revealed that the hidden figure was formulated to include estimated costs sustained by defendant, including defendant's overhead, insurance, the "service Apache provides related to its relationship with common carriers," handling of fuel spills and related environmental liabilities. DE 82-8 at 1; DE 86-10 at 40-41.  Defendant's 30(b)(6) witness designed the 5.15 cent fee, but kept no record of how he reached the determination and could not fully describe the components of the fee.  DE 86-10 at 40-41.

The agreement contains a provision by which plaintiff agreed to provide "written notice of any claim which Dealer has against Apache within thirty (30) days of . . . discovery of such claim," and that failure to do so "will constitute waiver and release of such claim."  DE 80-1 at 8.  Plaintiff did not provide any notice prior to filing the action.  Defendant tries to skewer plaintiff with a kind of "Morton's Fork,"[1] charging that plaintiff either didn't have a claim at the time of filing the action, thus violating Rule 11, or plaintiff knew of the claim and failed to provide pre-filing notice, thereby waiving the claim under the harsh contractual language.  *See* DE 80-1 at 11.  However, there are subtleties here that deflect that strike.

On this motion, counsel for defendant argues:

> Although SEIF's invoices did not include a specific line item identifying the $0.0515 per gallon transportation charge separately from the total per-gallon charge for fuel, no one disputes that Plaintiff could have easily checked the amount of the transportation charge on its invoices by simply subtracting the cost of gasoline and taxes from the total amount invoiced.

*Id.* at 6.  While defendant thus argues that such a calculation would have been simple (it's not), even following this hypothetical to its logical end misses the point.  The computation posited by defendant would have informed plaintiff that it was being charged a consistent transportation

---

[1] *See S.E.C. v. Arias*, No. CV 12-2937 (ADS) (GRB), 2012 WL 4849151 (E.D.N.Y. Sept. 14, 2012), *report and recommendation adopted,* No. 12-CV-2937 (DRH) (GRB), 2012 WL 4849346 (E.D.N.Y. Oct. 11, 2012)

2

cost, which might provide a clue that something was amiss, as common sense dictates (and defendant admits) that the cost of "[t]ransporation varies." DE 86-10 at 39-40. Yet it was not until discovery in the instant case that plaintiff learned some of the items that defendant factored into its flat-rate transportation surcharge, at least some of which, a jury could conclude, fell outside the scope of the ordinary meaning of "transportation," as well as its inability to fully explain the charge. Thus, the question is whether the plaintiff "discovered" a claim implicating the notice provision, or should have done so.

Defendant points to testimony by one of plaintiff's priniciples that he "always felt" that defendant was overcharging them, claiming that this sense, along with related discussions, renders plaintiff aware of the alleged fraud. DE 80-1 at 11, 14. New York law, as applied by the Second Circuit, has provided guidance in such circumstances. Before a plaintiff's claim will be defeated by this kind of defense, "knowledge of the fraudulent act is required" and unless it "conclusively appear[s] that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, . . . the question should be left to the trier of the facts." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 155 (2d Cir. 2012). And because defendant's notice claim largely turns on the opportunity to cure, the record suggests that defendant was afforded such opportunity, ameliorating any harm from the purported violation. *See, e.g.*, DE 82-8 at 1.

Based on the foregoing, summary judgment is DENIED. This matter is hereby set for jury selection, with trial to follow immediately thereafter, beginning on March 4 at 9:30 a.m. Counsel is to meet and confer, submitting a joint schedule for submission of a Proposed Pre-Trial Order and resolution of any remaining issues by January 22, 2024.

**SO ORDERED.**

Dated: Central Islip, New York  /s/ Gary R. Brown
      January 12, 2024  GARY R. BROWN
                                                  United States District Judge